UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUDUBON INTERNAL MEDICINE GROUP, INC., ET AL | CIVIL ACTION |
| VERSUS | NO. 07-4874 |
| ZURICH AMERICAN INSURANCE COMPANY | SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on motion for a partial summary judgment filed by the plaintiffs, Audubon Internal Medicine Group, Inc. and Audubon Internal Medicine Research (collectively "Audubon") and motion for partial summary judgment filed by Maryland Casualty Company, erroneously named as Zurich American Insurance Company ("MCC"). Having considered the record, the memoranda of counsel and the law, the Court has determined that partial summary judgment in favor of the plaintiffs is appropriate as follows.

The plaintiffs filed suit for Katrina-related damages and declaratory relief regarding benefits allegedly due as business income losses under a policy of insurance issued by MCC. They claim that they had at least three insured business income losses

1

totaling 53 days[1] under three provisions of the policy in the "Building and Personal Property Coverage Form:" (1) Off Premises Power or Water Failure; (2) Civil Authority; and (3) Contingent Business Interruption.  In their motion, the plaintiffs argue that the 21-day maximum coverage allowed under the Civil Authority[2] provision and the 30-day maximum coverage for Business Income From Dependent Properties ("BIDP")[3] should

---

[1]  Two days of coverage are not at issue in this motion.

[2]  The Civil Authority provision reads:

III.A. 4.   Civil Authority – We will pay for the actual loss of "business income" you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the "described premises" due to direct physical loss of or damage to property, other than at the "described premises," caused by or resulting from any Covered Cause of Loss.

This coverage will begin after the action by civil authority for a period of up to three consecutive weeks after coverage begins.

[3]  The BIDP provision reads:

III. A. 1.   Business Income From Dependent Properties – We will also pay for the actual loss of "business income" you sustain due to the necessary suspension of "operations" caused by direct physical loss of or damage by a Covered Cause of Loss to "dependent property" at premises you do not own, lease or operate.

   a.   We will only pay for loss of "business income" that occurs within the lesser of:

   (1)   The "period of restoration" at the "dependent property" where the direct loss or damage occurs; or

be "stacked" to afford a total of 51 days coverage. Specifically, they argue that the BIDP provision has no starting date for the 30 day maximum period of coverage.

In its motion, the defendant argues that the two coverages run concurrently and, having paid a total loss of 30 days under the civil authority and BIDP provisions, argues that the total number of days' losses covered by the policy have been paid. It relies on the policy "Definition" provided for "Period of Restoration" for support against stacking the days provided in the two provisions.[4] MCC argues that because the "period of restoration" begins when damage is sustained, the maximum 30 day period

---

(2)   30 days.

[4]   The "Building and Personal Property Coverage Form" provides that "Other words and phrases in quotation marks have special meaning. Refer to the DEFINITIONS section of this form." The term "Period of Restoration: is defined as follows:

K.   "Period of Restoration" means the period of time that:

1.   Begins with the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the "described premises"; and

2.   Ends on the earlier of:
    a.   The date when the property at the "described premises" should be repaired, rebuilt or replaced with reasonable speed and similar quality; or

    b.   The date when business is resumed at a new permanent location.

3

is also measured from the date when damage is sustained. It argues that "the 30-day time period is qualified by its comparison to the 'period of restoration,' which is also measured from the date of loss." (Rec. Doc. 9, p. 7).

The parties apparently agree that Louisiana law applies. In Louisiana, "contracts have the effect of law for the parties." La. Civ. Code art. 1983. Under La. Civ. Code art. 2045: "Interpretation of a contract is the determination of the common intent of the parties." The interpretation of an unambiguous contract is an issue of law for the court to decide. *Amoco Production Co. v. Texas Meridian Resources Exploration Inc.* 180 F.3d 664, 668 (5th Cir. 1999). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ. Code art. 2046. "In addition, a contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." *Texas Eastern Transmission Corp. v. Amerada Hess Corp.*, 145 F.3d 737, 741 (5th Cir. 1998).

A contract is ambiguous under Louisiana law "when it is uncertain as to the parties' intentions and susceptible to more than one reasonable meaning under the circumstances and after applying established rules of construction." *Lloyds of London v. Transcontinental Gas Pipe Line Corp.*, 101 F.3d 425, 429 (5th Cir. 1996). Relevant rules of

4

construction include interpreting each provision in light of other provisions so that each is given meaning suggested by the entire contract, interpreting provisions susceptible of different meanings so as to not to ignore them, and interpreting contracts in ways that leads to unreasonable consequences or inequitable or absurd results even when the language used is explicit.  *Texas Eastern, supra.*

      The Court finds that the contractual language is clear and unambiguous for purposes of La. Civ. Code arts. 2045 and 2046.  The 30 day provision contained in the BIDP provision is clear in its language and terms: **" We will only pay for loss of "business income" that occurs within the lesser of: (1) The 'period of restoration' at the 'dependent property' where the direct loss or damage occurs; or (2) 30 days."** (Emphasis added).  The Court also finds that this BIDP 30-day term is also unambiguously independent of the BIDP "period of restoration"-based term by the preamble that only the "lesser of" the two terms will be paid.   Only actual losses are covered, and only actual losses are being sought.[5]   The severity of this plaintiffs' losses undisputably triggered  two independent coverage provisions.  Katrina has caused many legitimate claims of coverage under both homeowner's and flood policies without

---

[5]    The parties agree here that it is undisputed that the plaintiffs suffered at least 51 days of business income loss.  It is also undisputed that the daily rate for that loss is $5,475.00.

running afoul of the law. "As a general rule the claimant may recover under all available coverages provided that there is no double recovery." *Wellmeyer v. Allstate Insurance Co.*, 2007 WL 1235042 (E.D.La.)(J. Feldman), quoting 15A *Couch on Insurance* 2d § 56:34 (1983).

In this policy, different provisions have different trigger and end dates. The MCC's Civil Authority provides the trigger and end time in a single sentence; the definition of "Period of Restoration" provides the beginning time and alternative end times; and the BIDP provision provides two alternative maximum terms of coverage, one with its own begin and end time and the one in dispute, defined only by its duration, 30 days. MCC cannot simply graft a trigger date where none appears.

Finally, the Court is disturbed by the defendant's consistent misquote of the terms of the BIDP provision itself. MCC consistently omitted the word "or" before the 30-day provision of the BIDP. This single word is relevant to these motions. It did not retreat from its misrepresentation of the provision even after the omission was challenged by the plaintiffs. (Rec. Doc. 32, p. 2). The parties have included complete copies of this lengthy insurance policy in at least four places in the record, and all include the word "or" before the BIDP 30-day term. (Rec. Docs. 8, 9, 14 & 15).

Accordingly,

IT IS ORDERED that the motion for a partial summary judgment filed by the plaintiffs, Audubon Internal Medicine Group, Inc. and Audubon Internal Medicine Research is GRANTED.  (Rec. Doc. 8).

IT IS FURTHER ORDERED that the motion for partial summary judgment filed by Maryland Casualty Company, erroneously named as Zurich American Insurance Company, is DENIED.  (Rec. Doc. 9).

New Orleans, Louisiana, this 10th  day of July, 2008.

                                               HELEN G. BERRIGAN
                                               UNITED STATES DISTRICT JUDGE